[PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

No. 06-10783
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 17, 2006
THOMAS K. KAHN
CLERK

ARTHUR D. RUTHERFORD,

                                        Plaintiff-Appellant,

        versus

JAMES MCDONOUGH,
CHARLIE CRIST,

                                        Defendants-Appellees.

------------------------
On Appeal from the United States District Court for the
Northern District of Florida
------------------------
(October 17, 2006)

ON PETITION FOR REHEARING

BEFORE: CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

We have before us Rutherford's petition for a rehearing, which was filed

late this afternoon. It asks us to grant rehearing and change our previous decision

in this case, <u>Rutherford v. McDonough</u>, ___ F.3d ___, 2006 WL 2830968 (11th

Cir. Oct. 5, 2006) (Rutherford II), because of amendments he believes were made to Florida's lethal injection protocol August 16, 2006 but which Rutherford did not become aware of until very recently.

Our October 5, 2006 decision in this case affirmed the district court's January 28, 2006 judgment dismissing Rutherford's 42 U.S.C. § 1983 complaint, which "challenge[d] the three-drug protocol Florida had been using since 2000 to carry out executions by lethal injection." Rutherford II, 2006 WL 2830968, at *1. The basis for dismissal which we affirmed was that Rutherford had unnecessarily delayed in bringing the claim—"[h]e deliberately waited until the last few days before his execution to file what he could have filed many months, if not years, earlier." Id. at *2; Rutherford v. Crosby, 438 F.3d 1087, 1102–03 (11th Cir. 2006) (Rutherford I) (reproducing district court order), vacated sub nom., Rutherford v. McDonough, ___ U.S. ___, 126 S. Ct. 2915 (2006).

Rutherford says that six-and-one-half months after entry of the district court's judgment dismissing his complaint, which is the judgment we have affirmed in Rutherford II, the State of Florida revised its lethal injection protocols. In his rehearing petition, Rutherford describes the August 16, 2006 changes in those protocols as follows:

2

> The new procedures include a requirement that the execution team receive training, that execution simulations be conducted on a quarterly basis, that a lethal injection checklist be completed after each execution documenting what occurred (or did not occur) and that the checklist will be signed by the warden under oath, that the amount of the drugs being used is no longer the amount this Court discussed most recently in Hill v. State, 921 So. 2d 579, 583 n.3 (Fla. 2006) (the Florida Supreme Court opinion indicated that 2 grams of sodium pentothal were to be used, while the new procedures seems [sic] to indicate 5 grams will be used). The new procedures include provision for a "cut-down"; no mention of a "cut-down" appears in the old, superseded protocol.

Petition for Rehearing at 8 n.4. The State of Florida is adamant that there have been no changes to its lethal injection protocol. We need not resolve this dispute. We will assume for present purposes only that the changes Rutherford contends were made on August 16, 2006 were made and that they are as he describes them.

Rutherford also argues that the Department of Corrections, which made the alleged changes, and the lawyers representing the State throughout this proceeding have hidden the fact that changes were made. Apparently, the purpose of this argument is to absolve Rutherford and his attorneys of any blame for not bringing the alleged change in procedures to the attention of this and other courts before now. We do not blame them in any way for the timing of this petition for rehearing, but that is an entirely different thing from saying that it has merit.

The changes that Rutherford says were made hurt, instead of help, the case that he brought in the district court and argued in this Court. Throughout these proceedings he has made a number of arguments, but all of them turn on the factual premise that the State of Florida uses too little sodium pentothal in carrying out lethal injections. That is what Rutherford claimed in his complaint. Complaint at ¶16 ("because Florida's practices are substantially similar to those of the lethal-injection jurisdictions which conducted autopsies and toxicology reports, which kept records of them, and which disclosed them to the *Lancet* scholars, there is at least the same risk (43%) as in those jurisdictions that Mr. Rutherford will not be anesthetized at the time of his death"); id. at Attach. A (Declaration of Dr. David A. Lubarsky) at ¶ 16 ("Based on our research, the [*Lancet*] article concludes that toxicology reports from the four lethal injection jurisdictions which provided them showed that postmortem concentrations of thiopental (sodium pentothal) in the blood of persons who had been executed were lower than that required for surgery in 43 of 49 cases reported (88%), and 21 (43%) inmates had concentrations consistent with awareness."); id. at Attach. B (Leonidas G. Koniaris et al., Inadequate anaesthesia in lethal injection for execution, 365 *The Lancet* 1412, 1412 (2005) ("The assumption that 2 g. thiopental assures anaesthesia is overly simplistic, however.")).

That is also how the district court interpreted Rutherford's claim. Rutherford I, 438 F.3d at 1102 (reproducing district court order) (describing "[t]he factual basis of Petitioner's claim [as being] that the doses of the anesthetic sodium pentothal may be insufficient thus permitting those injected to experience the feelings of being suffocated and having a heart attack, but unable to express their pain by virtue of being paralyzed by pancuronium" (parentheses omitted)).  It is how Rutherford characterized his claim to us.  Appellant's July 20, 2006 Supp. Br. at 2 (describing his challenge as based on *The Lancet* article which he summarized as evidence that executed inmates "had an inadequate amount of sodium pentothal in their bloodstream to provide anesthesia.").  And it is how we interpreted his claim.  Rutherford II, 2006 WL 2830968, at *7 (describing *The Lancet* article as the factual basis for Rutherford's claim).

The alleged revisions in the drug protocols, as Rutherford concedes, apparently double the amount of sodium pentothal used.  Petition for Rehearing at 8 n.4  ("the Florida Supreme Court opinion indicated that 2 grams of sodium pentothal were to be used, while the new procedures seems [sic] to indicate 5 grams will be used").  That makes it less likely, not more likely, that the pain Rutherford claimed might result from using too little of the drug will result.  There is no basis in law or logic for precluding the State from addressing the problem

5

that Rutherford claimed its previous procedures had created. He has no vested interest in any problem with the procedures.

Rutherford also argues that we ought to change our prior decision because the attorneys for the State have misled the state and federal courts that have considered his claim. The misrepresentations, he says, are that the method Florida uses to execute by lethal injection had not been changed. All of the representations by Florida's attorneys that Rutherford recites, however, were made well before August 16, 2006, the date he says that the procedures were changed. Even if the procedures were changed on that date, the statements before that date that the procedures had not been changed were true when made. They were not misrepresentations.

All that we have before us, and all that we decide, is whether rehearing should be granted to modify our prior decision which affirmed the district court's dismissal on equitable grounds of Rutherford's complaint, the gist of which was that the amount of sodium pentothal used was inadequate to prevent unnecessary pain and suffering. We conclude that rehearing should not be granted.

PETITION FOR REHEARING DENIED.

6

WILSON, Circuit Judge, concurring:

My consideration of Rutherford's claims are fully stated in my dissent to our prior opinion affirming the denial of Rutherford's 28 U.S.C. § 1983 complaint. Rutherford v. McDonough, No. 06-10783, 2006 U.S. App. LEXIS 24860 (11th Cir. Oct. 5, 2006). I concur in the denial of Rutherford's petition for rehearing because it fails to raise a matter that specifically affects the conclusion in the opinion that Rutherford's complaint was dilatory.