Mark Dean SCHWAB, Plaintiff,

v.

James R. MCDONOUGH,
et al, Defendants.

No. 6:07CV1798ORL22KRS.

United States District Court,
M.D. Florida.
Orlando Division.

Nov. 14, 2007.

Daphney Elaine Gaylord, Mark S. Gruber, Peter J. Cannon, Capital Collateral Regional Counsel, Tampa, FL, for Plaintiff.

Kenneth S. Nunnelley, Office of the Attorney General, Daytona Beach, FL, for Defendant.

## *ORDER*

ANNE C. CONWAY, District Judge.

This case is before the Court on the emergency motion to stay execution (Doc. No. 2, filed November 13, 2007) filed by Mark Dean Schwab, a death-sentenced prisoner in state custody.

## I. *PROCEDURAL BACKGROUND*

On May 14, 1991, Plaintiff was charged by indictment with one count of first-degree murder, one count of sexual battery upon a child, and one count of kidnaping a child under thirteen. After a bench trial, Plaintiff was found guilty as charged on all counts in the indictment. Plaintiff waived his right to a jury at the penalty phase proceedings, and the state trial judge sentenced him to death on the first degree murder count, followed by consecutive life sentences on the other two counts. The Florida Supreme Court affirmed the convictions and sentences, *Schwab v. State*, 636 So.2d 3 (Fla.1994), and the United States Supreme Court denied his petition for writ of certiorari. *Schwab v. Florida*, 513 U.S. 950, 115 S.Ct. 364, 130 L.Ed.2d 317 (1994).

Plaintiff filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 raising a variety of claims. The state trial court ultimately denied each of the claims, and the Florida Supreme Court affirmed the denial. *Schwab v. State*, 814 So.2d 402 (Fla.2002). In the same order, the Florida Supreme Court also denied Plaintiff's Petition for Writ of Habeas Corpus. *Id.*

Plaintiff filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254, which this Court denied. *See* Case

Number 6:03–cv–536–Orl–22JGG, Doc. Nos. 1 & 29. The Eleventh Circuit Court of Appeals affirmed the denial, *Schwab v. Crosby,* 451 F.3d 1308 (11th Cir.2006), and the United States Supreme Court denied the petition for writ of certiorari, *Schwab v. McDonough,* —— U.S. ——, 127 S.Ct. 1126, 166 L.Ed.2d 897 (2007).

On July 18, 2007, the Governor signed a death warrant scheduling Plaintiff's execution for 6:00 p.m., November 15, 2007.

On August 15, 2007, Plaintiff filed a motion to vacate sentence or stay execution pursuant to Florida Rule of Criminal Procedure 3.851(c)(2) raising two claims: (1) Florida's lethal injection method of execution violated the Eighth and Fourteenth Amendments and corresponding provisions of the Florida Constitution, and (2) newly discovered evidence revealed that Mr. Schwab suffers from neurological brain impairment which makes his sentence of death constitutionally unreliable. The state trial court denied relief as to both claims without conducting an evidentiary hearing, and the Florida Supreme Court affirmed the denial. *Schwab v. State,* No. SC07–1603, 2007 WL 3196523 (Fla. November 1, 2007).

Plaintiff subsequently sought permission from the Eleventh Circuit Court of Appeals to file a second or successive federal habeas corpus petition. The only claim Plaintiff sought to raise in his second petition involved the constitutionality of Florida's lethal injection procedures and protocols. The application was denied. *In re: Mark Dean Schwab,* No. 07–15258, 2007 WL 3317601, 506 F.3d 1369 (11th Cir. November 9, 2007).

Plaintiff next filed a successive Rule 3.851 motion to vacate sentence or stay execution in the state trial court raising two claims of newly discovered evidence, one regarding the testimony of the State's expert at the penalty phase and one challenging Florida's method of lethal injection based on notes from mock execution training conducted in July of 2007. An evidentiary hearing was conducted on November 13, 2007, after which the state trial judge denied Plaintiff's motion.

On November 13, 2007, Plaintiff initiated the instant action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1) and an emergency motion to stay execution (Doc. No. 2).

## II. *SUMMARY OF THE COMPLAINT*

At this time, the Court is only considering the merits of the emergency motion to stay; however, a review of the allegations in the complaint is necessary for a complete analysis. In the complaint, Plaintiff seeks declaratory and injunctive relief to prevent Defendants from using Florida's current lethal injection procedures to execute him. According to Plaintiff, the current protocols violate his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments. Plaintiff's challenge is multi-faceted: first, he argues that the combination of drugs unlawfully risks subjecting him to an excruciatingly painful and tortuous death; second, he contends that the anesthesia procedures lack medically necessary safeguards; third, he avers that the existing procedures do not require personnel who have minimum qualifications or expertise; and fourth, he asserts that Defendants do not have appropriate procedures or equipment to deal with emergencies.

## III. *MERITS OF THE EMERGENCY MOTION TO STAY EXECUTION*

"Filing an action that can proceed under § 1983 does not entitle the complainant to an order staying an execution as a matter of course." *Hill v. McDonough,* —— U.S. ——, ——, 126 S.Ct. 2096, 2104, 165 L.Ed.2d 44 (2006). "[A] stay of execution is an equitable remedy; [i]t is not available as a matter of right."

*Id.* In considering whether to grant a stay, a court should consider the following factors: (1) "the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts"; (2) whether the inmate has satisfied "all of the requirements for a stay, including a showing of a significant possibility of success on the merits"; (3) the "strong equitable presumption" against issuing a stay when the inmate could have brought the claim earlier and thereby avoided the need for a stay; and (4) protecting the State from "dilatory or speculative suits." *Id.*

■ Applying these criteria to the present application, the Court concludes that a stay is warranted. The overriding consideration in this case is that some of the very same issues Plaintiff presents here are currently pending for decision before the Supreme Court of the United States. In the case of *Baze v. Rees,* —— U.S. ——, 128 S.Ct. 372, 169 L.Ed.2d 256 (2007), the Supreme Court granted review to consider the following questions:

I. Does the Eighth Amendment to the United States Constitution prohibit means for carrying out a method of execution that create an unnecessary risk of pain and suffering as opposed to only a substantial risk of the wanton infliction of pain?

II. Do the means for carrying out an execution cause an unnecessary risk of pain and suffering in violation of the Eighth Amendment upon a showing that readily available alternatives that pose less risk of pain and suffering could be used?

III. Does the continued use of sodium thiopental, pancuronium bromide, and potassium chloride, individually or together, violate the cruel and unusual punishment clause of the Eighth Amendment because lethal injections can be carried out by using other chemicals that pose less risk of pain and suffering?

Petition for Writ of Cert. at ii-iii, *Baze v. Rees,* No. 07–5439 (U.S. July 11, 2007), 2007 WL 2781088.

As is evident from this statement of the issues, not only is the Supreme Court poised to clarify the standard by which the Eighth Amendment is to be interpreted in death cases, but the high court also has before it the constitutionality of using the very chemicals employed in this State as a means of carrying out the death sentence and challenged in the instant action. Simply put, the Court would not issue this stay absent the Supreme Court's grant of *certiorari* in *Baze.* However, the fact that the Supreme Court has elected to grant review in that case suggests that Plaintiff faces the prospect of a significant possibility of success on the merits of his claims.[1]

Considering the other relevant factors, the State of Florida has an unquestionable interest in proceeding with Plaintiff's execution without undue interference.

---

1. The Court notes that since the granting of certiorari in the *Baze* case, the United States Supreme Court has stayed at least two other cases involving challenges to the lethal injection process. *See Berry v. Epps,* No. 07–7348 (07A367), 2007 WL 3156229, —— U.S. ——, 128 S.Ct. 531, 169 L.Ed.2d 370 (2007) (granting stay of execution after Court of Appeals denied the motion for stay as dilatory); *Emmett v. Johnson,* No. 07A304, 2007 WL 3018923, —— U.S. ——, —— S.Ct. ——, 169 L.Ed.2d 327 (2007) (granting stay of execution pending Court of Appeals' final disposition of appeal of summary judgment in favor of defendants in § 1983 action challenging the lethal injection process). In addition, several lower courts across the nation have similarly granted stays. *See Nooner v. Norris,* No. 5:06CV00110 SWW, 2007 WL 3232083 (E.D.Ark. October 30, 2007) (granting stay of execution in § 1983 action challenging the State's protocol for lethal injections); *In re: Heliberto Chi,* No. WR–61600–03, 2007 WL

However, the key word is "undue." Postponing the execution process for a relatively short time until *Baze* is decided does not constitute impermissible interference with Florida's execution process. Turning to the subject of Plaintiff's diligence, certainly an argument can be made that he delayed too long in bringing this suit. Ordinarily, that consideration alone might warrant denial of a stay. However, the Court cannot consider this case in a vacuum, and the fact that *Baze* is now before the Supreme Court is an extraordinary circumstance that overmatches considerations of delay, at least insofar as a stay is concerned. This feature sets this case apart from others in which the Court of Appeals for the Eleventh Circuit has upheld dismissal of an execution challenge based on unjustifiable delay. *See, e.g., Arthur v. King*, 500 F.3d 1335 (11th Cir. Sept.21, 2007), *pet. for cert. filed*, 76 USLW 3169 (Sept. 25, 2007) (No. 07–397).[2] Finally, the fact that the Supreme Court has granted review to consider some of the very same issues Plaintiff raises here belies the notion that his claims are impermissibly speculative.

Considering the totality of the circumstances, then, the Court concludes that Plaintiff's execution must be stayed for a relatively short time until the Supreme Court renders its decision in *Baze*. The irreversible consequences of execution compel this result. Again, the question here is not whether Plaintiff's conviction and sentence should stand (after all, this Court is among those that have upheld his convictions and death sentence), or whether Florida can execute him; rather, insofar as a stay is concerned, it is whether the State should be allowed to do so before the Supreme Court decides *Baze*.[3]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's emergency motion to stay execution (Doc. No. 2) is GRANTED.

---

2852629 (Tex.Ct.Crim.App. Oct. 2, 2007) (granting stay of execution to consider whether the current method of lethal injection in Texas violates the Eighth Amendment). Plaintiff cites to a number of other unpublished cases, but has failed to attach copies of the opinions. Given the short timeframe afforded this Court to resolve this matter, Plaintiff's failure to provide copies of the opinions precludes this Court from considering such cases.

2. The United States Supreme Court recently granted a stay of execution in a case that was rejected by the Court of Appeals as constituting an unjustifiable delay. *See Berry v. Epps*, No. 07–7348 (07A367), 2007 WL 3156229 (Oct. 30, 2007). On October 26, 2007, four days before Berry's execution, the Fifth Circuit Court of Appeals rejected his reliance on *Baze* and denied his request for a stay as dilatory. On the day of the scheduled execution, the Supreme Court granted a stay of Berry's execution.

3. On June 12, 2006, the Supreme Court of the United States clarified in *Hill* that an inmate's constitutional challenge to the manner of execution must be brought pursuant to § 1983,

rather than via the mechanism of habeas corpus. *Hill*, 126 S.Ct. at 2101–04. Since *Hill* issued, the Eleventh Circuit has considered a number of appeals involving § 1983 challenges in death cases. *Siebert v. Allen*, No. 07–14956, 2007 WL 3244633, 506 F.3d 1047 (11th Cir. Nov.5, 2007); *Arthur v. King*, 500 F.3d 1335 (11th Cir.2007), *pet. for cert. filed*, 76 USLW 3169 (Sept. 25, 2007) (No. 07–397); *Arthur v. Allen*, No. 07–13929, 2007 WL 2709942, 248 Fed.Appx. 128 (11th Cir.2007), *pet. for cert. filed*, 76 USLW 3169 (Sept. 22, 2007) (No. 07–395); *Williams v. Allen*, 496 F.3d 1210 (11th Cir.), *cert. dismissed*, —— U.S. ——, 128 S.Ct. 370, 169 L.Ed.2d 4 (2007); *Grayson v. Allen*, 491 F.3d 1318 (11th Cir.), *cert. denied*, —— U.S. ——, 128 S.Ct. 6, 168 L.Ed.2d 784 (2007); *Jones v. Allen*, 485 F.3d 635 (11th Cir.), *cert. denied*, —— U.S. ——, 127 S.Ct. 2160, 167 L.Ed.2d 887 (2007); *Diaz v. McDonough*, 472 F.3d 849 (11th Cir.), *cert. denied*, —— U.S. ——, 127 S.Ct. 851, 166 L.Ed.2d 679 (2006); *Hutcherson v. Riley*, 468 F.3d 750 (11th Cir.), *cert. denied*, —— U.S. ——, 127 S.Ct. 467, 166 L.Ed.2d 333 (2006); *Rutherford v. McDonough*, 466 F.3d 970, *reh'g denied*, 467 F.3d 1297 (11th Cir.), *cert. de-*

This Court stays the execution of Plaintiff pending a final decision by the United States Supreme Court in the *Baze* case.

2. This case (6:07–cv–1798–Orl–22KRS) is also STAYED pending resolution of the *Baze* case.

3. The Clerk of the Court is directed to administratively close this case

4. Plaintiff shall file a motion to reopen this case within thirty (30) days after a final decision has been rendered in the *Baze* case. The failure to do so will result in the dismissal of this case without further notice.

nied, —— U.S. ——, 127 S.Ct. 465, 166 L.Ed.2d 331 (2006); *Hill v. McDonough,* 464 F.3d 1256 (11th Cir.), *cert. denied* —— U.S. ——, 127 S.Ct. 465, 166 L.Ed.2d 328 (2006). Based on the quick review permitted since the filing of this case, it appears that in every decision but *Siebert,* the Eleventh Circuit affirmed the denial of relief. However, all of the decisions affirming the denial of relief predated the Supreme Court's grant of certiorari in *Baze.* In *Siebert,* the appellate court reversed the lower court's denial of a stay on the basis that the inmate had shown a substantial likelihood of success on his as-applied challenge to Alabama's lethal injection procedure. However, the Eleventh Circuit did not cite *Baze* in *Siebert.* In any event, *Siebert* is factually distinguishable—indeed, unique—because the inmate there had recently been diagnosed with hepatitis C and pancreatic cancer, and therefore argued that the physical manifestations of those diseases would greatly complicate the execution procedure as applied to him.