[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15223
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20366-DPG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN MICHAEL JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 16, 2016)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Bryan Johnson appeals his 120-month below-guideline sentence, after pleading guilty to federal bank robbery, in violation of 18 U.S.C. § 2113(a).  The

sentence at issue is a variance below the guideline range of 151-188 months' imprisonment.  On appeal, Johnson argues that: (1) Johnson v. United States, 135 S. Ct. 2552 (2015), which invalidated the residual clause from the Armed Career Criminals Act ("ACCA"), and the Sentencing Commission's August 2016 amendment deleting the residual clause from the career offender guideline apply to his case; (2) neither his Florida burglary nor attempted robbery convictions qualify as career offender predicate offenses; (3) his instant federal conviction for bank robbery does not qualify as a crime of violence triggering the application of the career offender enhancement; and (4) his sentence is procedurally and substantively unreasonable.  After careful review, we affirm.

We review de novo constitutional challenges to the Sentencing Guidelines. United States v. Matchett, 802 F.3d 1185, 1191 (11th Cir. 2015).  We review the district court's factual findings for clear error, and its application of those facts to justify a sentencing enhancement de novo.  Id.  For a factual finding to be clearly erroneous, we must be left with a definite and firm conviction after reviewing all the evidence that a mistake has been committed.  Id.  We review de novo whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines.  United States v. Lockley, 632 F.3d 1238, 1240 (11th Cir. 2011).  We review the sentence a district court imposes for "reasonableness," which "merely

2

asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted).

However, we review arguments raised for the first time on appeal for plain error. United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010). This requires a defendant to show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1275-76 (11th Cir. 2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 1276. An error is plain if controlling precedent from the Supreme Court or our Court establishes that an error has occurred. See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

First, we are compelled to reject Johnson's arguments that Johnson v. United States extends to invalidate the residual clause of the career offender guideline and that the Sentencing Commission's 2016 amendment eliminating the residual clause from the career offender enhancement applies retroactively to his case. Under the Guidelines, a defendant's offense level may be increased if he is a deemed to be a career offender. U.S.S.G. § 4B1.1. A defendant is a career offender if:

> (1) the defendant was at least 18 years-old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Id. § 4B1.1(a).  At the time of Johnson's sentencing, the term "crime of violence" was defined as an offense under federal or state law punishable by imprisonment for a term exceeding one year, that: "(1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  Id. § 4B1.2(a) (Nov. 1, 2015) (emphasis added).  Section 4B1.2(a)(1) is known as the "elements clause," and § 4B1.2(a)(2) contains the "enumerated offenses" and the "residual clause," which is underlined above.

In Johnson, 135 S. Ct. at 2556-57, the Supreme Court addressed the constitutionality of the residual clause of the ACCA.  The ACCA forbids certain people -- such as convicted felons and drug users -- to ship and possess firearms. Id. at 2555.  In general, a violation of this Act carries a ten year maximum penalty; however, if the violator has three or more convictions for a "violent felony" or serious drug offense, his prison term is increased to a minimum of fifteen years and a maximum of life.  Id.  The ACCA defined "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

4

Id. at 2555-56 (citing 18 U.S.C. § 924(e)(2)(B)).    The closing words of the definition, emphasized above, are known as the Act's residual clause.  Id. at 2556.

In Johnson, the Court struck the ACCA's residual clause as unconstitutional because it provides no objective basis from which to determine what conduct poses "a serious potential risk of physical injury to another" and it leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony.  Id. at 2557-58.  "By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates."  Id. at 2558.

We addressed in Matchett whether the vagueness doctrine of Johnson applied to the residual clause of the career offender definition of crime of violence. 802 F.3d at 1193-94.  We held that, while the ACCA defines a crime and fixes a sentence, the advisory Guidelines do neither and, as a result, Johnson is inapplicable to the residual clause of the career offender enhancement.  Id. at 1194 (recognizing there is no constitutional right to the Sentencing Guidelines because they are advisory and merely assist a judge in exercising his discretion).  We further noted that because the Guidelines provide no notice to criminal defendants, they cannot be challenged for vagueness.  Id. at 1194-95.

5

In response to litigation surrounding Johnson, the Sentencing Commission amended the Guidelines -- specifically, the career offender enhancement definition of "crime of violence" -- in August 2016.  In so doing, it eliminated the residual clause and removed burglary from the list of enumerated offenses that satisfy the definition.  U.S.S.G. Supp. to App. C, amend. 798 (Aug. 1, 2016).  The current definition of "crime of violence" includes any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)    is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

Id.  The Sentencing Commission indicated that the amendment eliminating the residual clause from the career offender guideline arose because of numerous court opinions expressing a view that the definition of "crime of violence" is unclear.  Id.  The Commission noted that the Supreme Court's recent decision in Johnson, which involves the definition of "violent felony" in the ACCA, had given rise to significant litigation regarding the guideline definition of "crime of violence."  Id.

In this case, the defendant Johnson was sentenced as a career offender and not as an armed career criminal under the ACCA.  Thus, under our binding precedent, Johnson's argument that the Supreme Court's decision in Johnson

6

renders his sentence invalid is foreclosed. See Matchett, 802 F.3d at 1194. As for Johnson's request to hold his case in abeyance until the petition for rehearing in Matchett is resolved, the petition was resolved when the Court denied rehearing en banc in September 2016. United States v. Matchett, No. 14-10396, manuscript op. at 1-2 (11th Cir. Sept. 13, 2016).

As for Johnson's claim that Florida burglary no longer qualifies as a career offender predicate offense under Johnson, this argument was also foreclosed by Matchett. As we've already noted, Matchett held that Johnson applies only to criminal statutes that define elements of a crime or fix punishments, and the Sentencing Guidelines do neither. In addition, Matchett held that the Florida offense of burglary of an unoccupied dwelling is a crime of violence under the career offender guideline's residual clause because it "involves conduct that presents a serious potential risk of physical injury to another." Id. at 1197 (quoting U.S.S.G. § 4B1.2(a)(2) (Nov. 1, 2015)). In the alternative, Johnson requests that we hold his case in abeyance due to the grant of certiorari in Beckles v. United States, 136 S. Ct. 2510 (2016), a case he says may abrogate Matchett. But we've held that "grants of certiorari do not themselves change the law," and "must not be used by courts" as a basis to grant relief that would otherwise be denied. See Schwab v. Sec'y, Dep't of Corrs., 507 F.3d 1297, 1298-99 (11th Cir. 2007). As a result, Florida burglary remains a career offender predicate offense.

7

Nor is Johnson entitled to relief on his claim that Florida attempted robbery no longer qualifies as a career offender predicate offense. The Guidelines commentary provides that robbery is enumerated as a crime of violence. U.S.S.G. § 4B1.2, comment. (n.1) (Nov. 1, 2015). If the Guidelines specifically enumerate a certain offense as a crime of violence, we "compare the elements of the crime of conviction to the generic form of the offense." Lockley, 632 F.3d at 1242. Here, we compare the Florida robbery offense with generic robbery. To make this comparison, we apply a categorical approach, generally looking no further than the fact of conviction and the statutory definition of the offense. Id. at 1240. If there is no ambiguity as to whether the offense qualifies as a predicate offense for enhancement purposes, we need look no further than those materials. United States v. Palomino Garcia, 606 F.3d 1317, 1336 (11th Cir. 2010). If, however, the scope of acts criminalized by the statutory definition of the prior offense is broader than the generic definition of the enumerated offense, then, under the categorical approach, the prior conviction does not fall within the enumerated offense. United States v. Ramirez-Garcia, 646 F.3d 778, 782-83 (11th Cir. 2011).

An offense qualifies as a crime of violence if: (1) the defendant committed an enumerated offense; (2) "the use, attempted use, or threatened use of physical force against another was an element of the offense;" or (3) "the conduct for which the defendant was convicted presented a serious risk of physical injury to another

person." Lockley, 632 F.3d at 1241. In Lockley, we held that the elements of Fla. Stat. § 812.13 mirror almost exactly the generic definition of robbery. Id. at 1243. The commission of robbery under Fla. Stat. § 812.13(1) requires that the defendant (1) commit the taking of money or other property from another person or in the custody of another person, (2) with the intent to permanently or temporarily deprive the person of the money or property (3) using force, violence, or an intentional threat of imminent force or violence against another coupled with an apparent ability to use that force or violence, or by causing the person to fear death or great bodily harm (4) where the money or property has value. Id. at 1242-43. Lockley, making the same argument as Johnson does here, argued that the Florida statute is non-generic because the "putting in fear" language removes from the elements the act of physical harm, bodily injury, or violence, and permits conviction with any act of mere intimidation or slight force. Id. at 1243-44. We noted that a small minority of states and the Model Penal Code define robbery as something more than mere intimidation or fear -- the defendant must directly threaten the victim physically -- but held the difference in definitions slight. Id. Lockley announced that the generic definition of robbery requires "the taking of property from another person or from the immediate presence of another person by force or intimidation." Id. at 1244 (quotation omitted). Comparing Fla. Stat. § 812.13(1) to the generic definition, we held that they are clear equivalents. Id.

9

Because we've found Florida's robbery statute to be generic, Johnson's attempted robbery conviction categorically qualifies as a predicate offense for the career offender enhancement as an enumerated offense. See id. at 1244-45 (holding that Florida attempted robbery qualifies as a predicate offense since the statute is generic). Moreover, we've held that this Florida statute also satisfies the elements and residual clauses of U.S.S.G. § 4B1.2(a) (Nov. 1, 2015). Id. at 1245. For all of these reasons, Johnson's prior convictions for burglary and attempted robbery still qualify as career offender predicate offenses.

Further, Amendment 798 to the career offender enhancement does not apply to Johnson. When reviewing a district court's application of the Guidelines, we apply the version of the Guidelines in effect on the date of sentencing. United States v. Descent, 292 F.3d 703, 707 (11th Cir. 2002). While subsequent amendments that merely clarify the Guidelines should be considered on appeal regardless of the date of sentencing, United States v. Dedeker, 961 F.2d 164, 166 n.4 (11th Cir. 1992), Amendment 798 to the career offender enhancement is a substantive change to the Guideline. Among other things, Amendment 798 deleted the residual clause and eliminated a class of offenses that previously predicated the enhancement. U.S.S.G. Supp. to App. C, amend. 798 (Aug. 1, 2016). And the commentary to the amendment does not say that it is intended to be a clarifying amendment. See Descent, 292 F.3d at 708 (holding that Amendment 634 was a

10

substantive change to the Guidelines since, <u>inter alia</u>, the commentary did not indicate it was intended to be a clarifying amendment).  As a substantive change to the Guidelines, Amendment 798 does not apply retroactively to his sentence.

We are also unpersuaded by Johnson's argument that his underlying instant bank robbery conviction, in violation of 18 U.S.C. § 2113, does not qualify as a crime of violence that triggers the application of the career offender enhancement. As an initial matter, because Johnson did not raise this issue in the district court, we review for plain error.  But Johnson cannot establish plain error because neither we nor the Supreme Court have held that the federal bank robbery statute is overbroad and cannot qualify as a crime of violence for the career offender guideline.  <u>See</u> <u>Lejarde-Rada</u>, 319 F.3d at 1291.

In any event, even under a less demanding standard of review, Johnson cannot demonstrate that the district court erred in concluding that 18 U.S.C. § 2113 is a crime of violence under the career offender enhancement.  As we've already detailed, the Guidelines defined "crime of violence" as any offense under federal law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another, or otherwise involves conduct that presents a serious potential risk of physical injury to another.  U.S.S.G. § 4B1.2(a) (Nov. 1, 2015).  In addition, commentary to U.S.S.G. § 4B1.2 names robbery as a crime of violence.  <u>Id</u>.,

11

comment. (n.1).  The federal bank robbery statute provides that the offense may be committed "by force and violence, or by intimidation."   18 U.S.C. § 2113(a). "Under section 2113(a), intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." United States v. Kelley, 412 F.3d 1240, 1244 (11th Cir. 2005) (quotation omitted).

As we've detailed above, because the Guidelines specifically enumerate robbery as a crime of violence, we compare the § 2113(a) offense with generic robbery.  See Lockley, 632 F.3d at 1242.  Lockley held that the generic definition of robbery includes "the taking of property from another person or from the immediate presence of another person by force or intimidation."   Id. at 1244 (quotation omitted).  Based on this definition, just as in Lockley, Johnson's offense of federal bank robbery qualifies as a crime of violence under all three avenues identified in Lockley, for the same reasons as presented there.  Id. at 1241-46. First, robbery by intimidation qualifies under the enumerated clause because it is nearly identical to the generic definition of robbery, and notably, both involve a perceived threat of bodily harm.  Compare 18 U.S.C. § 2113(a) and Kelley, 412 F.3d at 1244-45, with Lockley, 632 F.3d at 1241, 1244.  Second, Johnson's offense qualifies under the elements clause because it has as an element "the threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1) (Nov. 1, 2015).  Third, Johnson's offense qualifies under the residual clause because it is

12

similar in kind and in degree of risk posed as enumerated offenses, such as burglary, extortion, and robbery. See Lockley, 632 F.3d at 1245.

As for Johnson's statutory interpretation arguments, we are unpersuaded. Among other things, a finding that robbery by intimidation qualifies as a crime of violence does not excise intimidation from the statute or introduce inconsistencies into the statutory language. Rather, § 2113(a) essentially provides that bank robbery can be committed by force and violence or by the threat of force and violence. A plain reading of the statute does not suggest that "robbery by intimidation" is nonviolent or that it is not a "crime of violence" as that term is used in the Sentencing Guidelines. Moreover, the rule of lenity is inapplicable because there is no ambiguity present in the statute. Accordingly, Johnson's instant conviction for federal bank robbery by intimidation qualified as a crime of violence for purposes of the § 4B1.1 career offender enhancement.

Finally, we find no merit to Johnson's claim that his sentence is unreasonable. In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an

explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  The district court is not required to explicitly state that it considered the § 3553(a) factors, as long as the court's comments demonstrate that it considered the factors when imposing sentence. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting Gall, 552 U .S. at 51).  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  We will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

14

imposing a sentence outside the range of reasonable sentences. United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).

The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). A sentence's reasonableness may also be indicated if the sentence is well below the statutory maximum sentence. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, Johnson has not demonstrated that his sentence was procedurally or substantively unreasonable. For starters, Johnson has not developed any argument on appeal that the court procedurally erred, so he has waived any challenge in that regard. United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

As for the substantive reasonableness of the sentence, the record reveals that the district court considered the seriousness of the offense, Johnson's arguments in mitigation, the presentence investigation report, the advisory Guidelines, and the § 3553(a) factors when sentencing him below his guideline range. The substantive reasonableness of the sentence is also supported by the downward variance the district court imposed -- well below the statutory maximum sentence and well below his guideline range. See Hunt, 526 F.3d at 746; Gonzalez, 550 F.3d at 1324.

15

As for Johnson's argument that our decision in Matchett creates unwarranted disparities between defendants in different circuits that render his below-guideline sentence substantively unreasonable, it has no merit.  While it is true that Matchett applied the holding in Johnson only to the ACCA, the differences in sentences between career offenders under the Guidelines and armed career criminals under the ACCA does not produce unwarranted disparities.  Indeed, a sentencing disparity is not "unwarranted" if the individuals being compared are not similarly situated.  See United States v. Spoerke, 568 F.3d 1236, 1252 (11th Cir. 2009) (finding no unwarranted sentencing disparity between two non-similarly situated parties).  As for his concern about career offender defendants in other circuits that may be eligible for relief under Johnson, neither this Court nor the Supreme Court has held that § 3553(a)(6) permits consideration of sentence disparity among defendants nationwide.  Rather, we've noted that a sentence imposed in this Circuit is not necessarily subject to a "national grade curve."  United States v. Hill, 643 F.3d 807, 885 (11th Cir. 2011).  In any event, the significant downward variance that Johnson was awarded mitigated any unwarranted sentencing disparity.  In short, we conclude that the district court did not abuse its discretion in imposing Johnson's 120-month below-guidelines sentence.

**AFFIRMED**.

16