[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11267

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA MANLEY WILLIAMS,
a.k.a. Marcus Limark Rivers,
a.k.a. Kevin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:21-cr-20058-RNS-1

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Prior to filing an initial brief, Joshua Manley Williams moves for summary reversal of his total sentence.

In 2021, a grand jury charged Williams with, in relevant part, one count of attempt to possess with intent to distribute 500 grams or more of cocaine, 21 U.S.C. §§ 841(a)(1), 846 (Count 2); and one count of illegal reentry, 8 U.S.C. § 1326(a), (b)(1) (Count 3).  He later pled guilty to these charges pursuant to a written plea agreement.  At sentencing, he objected to being disqualified for "safety valve" relief based on having a prior three-point offense.  The district court overruled his objection and sentenced him to the minimum total sentence of 60-months' imprisonment for Count 2 and 24 months for Count 3, set to run concurrently, for a total of 60 months' imprisonment.  This appeal follows.

In his motion for summary reversal, Williams asserts a recently decided case, *United States v. Garcon*, 54 F.4th 1274 (11th Cir. 2022) (en banc) petition for cert. filed No. 22-851 (U.S. Mar. 6, 2023), applies to him, meaning that he now qualifies for "safety valve" relief.  Additionally, he asserts that time is of the essence. The Government responds by conceding that our decision in *Garcon* means that Williams is eligible for "safety valve" relief,

although it also notes it believes the *Garcon* decision was wrongly decided.

"Safety valve relief allows for sentencing without regard to any statutory minimum, with respect to certain offenses." *United States v. Milkintas*, 470 F.3d 1339, 1344 (11th Cir. 2006) (quotations omitted). The statutory basis for "safety valve" relief, however, imposes certain conditions on defendants to be eligible. 18 U.S.C. § 3553(f)(1). One of those conditions, in relevant part, is that the defendant does not have a prior three-point offense in his criminal history. *Id.* § 3553(f)(1) (B). Other conditions in that subsection include the defendant not having: (1) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines; and (2) a prior 2-point violent offense, as determined under the sentencing guidelines. *Id.* § 3553(f)(1)(A), (C).

In *Garcon*, we held Garcon qualified for "safety valve" relief despite having a prior 3-point offense in his criminal history. *Garcon*, 54 F.4th at 1276. We looked at the text of the statute and applied the ordinary meaning of the word "and" to it, meaning that the disqualifying list in § 3553(f)(1)(A)–(C) was conjunctive. *Id.* at 1277–78. We held to be ineligible for "safety valve" protections, a defendant needs to meet all three disqualifying conditions. *Id.* at 1279–80.

We grant Williams' motion for summary reversal. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir.

1969)[1] (explaining summary disposition is appropriate where "time is truly of the essence[, or] the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case"). Under our *en banc* decision in *Garcon*, the district court erred by finding the disqualifying list for "safety valve" protections was disjunctive. *See id.* at 1277–78. Additionally, as Williams had only one disqualifying condition—a past offense of three criminal history points—and not the other conditions, he qualified for "safety valve" protections, and the district court stated it would have sentenced him below the mandatory minimum for Count 2.[2] *Id.* at 1279–80.

We conclude Williams is correct as a matter of law.[3] *Groendyke Transp., Inc.*, 406 F.2d at 1162. Finally, we note Williams is

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

[2] At sentencing and before the en banc opinion in *Garcon* was issued, the district court noted Williams had been in state custody and immigration custody, and if there had not been a mandatory minimum sentence, it would have given him a variance based on that time served. It explained it would have considered sentencing him to 41 months' imprisonment if he had been eligible for "safety valve" relief, and then varied downward by 9 months, due to the time he had already spent in custody, for a total sentence of 32 months' imprisonment.

[3] The Supreme Court granted certiorari in *Pulsifer v. United States*, No. 22-340, on February 27, 2023. *Pulsifer* presents the question our *en banc* court answered in *Garcon*--specifically, whether the "and" in 18 U.S.C. § 3553(f)(1) means "and," so that a defendant satisfies the provision so long as he does not

set to be released from custody in December of 2024.  This, when considered along with comments made by the district court at his sentencing, show us that time is of the essence as well.  *Id.*

Based on the foregoing, we GRANT Williams' motion, summarily reverse his total sentence, and remand his case for resentencing consistent with this opinion.

**REVERSED and REMANDED.**

---

have (A) more than 4 criminal history points, (B) a 3-point offense, *and* (C) a 2-point offense (as the Ninth and Eleventh Circuits hold), or whether the "and" means "or," so that a defendant satisfies the provision so long as he does not have (A) more than 4 criminal history points, (B) a 3-point offense, *or* (C) a 2-point violent offense (as the Seventh and Eighth Circuits hold).  *Pulsifer* is scheduled to be argued in the October 2023 Term.  "The grant of certiorari on an issue does not suggest a view on the merits," *Schwab v. Sec., Dept. of Corr.*, 507 F.3d 1297, 1299 (11th Cir. 2007), and "a grant of certiorari does not change the law," *Rutherford v. McDonough*, 466 F.3d 970, 977 (11th Cir. 2006).  *Garcon* is the law of this Circuit.