761 So.2d 1097 (2000)
Thomas H. PROVENZANO, Appellant,
v.
STATE of Florida, Appellee.
No. SC 00-1222.
Supreme Court of Florida.
June 20, 2000.
*1098 Michael P. Reiter, Chief Assistant, CCRC, Middle Region, Tampa, Florida, for Appellant.
Robert A. Butterworth, Attorney General, and Carol M. Dittmar, Assistant Attorney General, Tampa, Florida, for Appellee.
PER CURIAM.
Thomas H. Provenzano, a prisoner under sentence of death, appeals the circuit court's denial of his motion for postconviction relief. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution.
There have been a number of decisions released in the last year regarding Provenzano's case, and the facts and procedural history of those decisions will not be recited again in this opinion.[1] After this Court's most recent decision, see Provenzano v. State, 760 So.2d 137 (Fla.2000), the Governor, on May 30, 2000, signed another death warrant for Provenzano. On June 7, 2000, Bennie Demps was executed. On June 15, 2000, Provenzano filed a motion for postconviction relief in the circuit court alleging, among other things, that the lethal injection procedure followed in the Demps execution constitutes cruel and/or unusual punishment.
The circuit court below held a two-day hearing in order to give Provenzano an opportunity to present testimony relating to the Demps execution. The hearing included expert testimony from both parties as well as eyewitness testimony from individuals who were present during the Demps execution. At the conclusion of the hearing, the circuit court denied Provenzano's motion.
Provenzano raises four issues in this appeal. Three of the issues are procedurally barred and do not merit further discussion.[2] The remaining claim is divided *1099 into two subclaims: (1) the circuit court erred in finding that Florida's lethal injection procedure does not violate the Eighth Amendment, and (2) the circuit court violated Provenzano's right to due process by denying him the right to call pertinent and necessary witnesses or to allow for an extension of time to establish his claim. We find no merit to either of these arguments.
In Provenzano v. State, 739 So.2d 1150 (Fla.1999), this Court stated that there is a presumption that the members of the executive branch will properly perform their duties in carrying out an execution. The circuit court determined that there has been no showing of abuse or cruel or unusual punishment in this case. There is competent, substantial evidence in the record to support this conclusion. See Blanco v. State, 702 So.2d 1250, 1252 (Fla. 1997) ("As long as the trial court's findings are supported by competent substantial evidence, `this Court will not substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court.'"). Therefore, we hold that execution by lethal injection does not amount to cruel and/or unusual punishment.
Finally, the testimony of members of the execution team was excluded by the circuit court pursuant to the public records exemptions found in sections 922.10, 922.106, and 945.10(1)(e), (g), Florida Statutes.[3] In Bryan v. State, 753 So.2d 1244, 1250-51 (Fla.2000), this Court held that these public records exemptions were facially constitutional. It would have been helpful to this Court had there been record evidence of the qualifications of those medical personnel present and their testimony regarding the preparation for the administration of the lethal injection.[4] However, in this case, absent any demonstration of overriding constitutional concerns, and in light of the eyewitness testimony relating to the procedures that were followed in the Demps execution, we find no reversible error.
Accordingly, we affirm the order below and deny the motion to stay.
It is so ordered.
HARDING, C.J., and WELLS, PARIENTE, LEWIS and QUINCE, JJ., concur.
SHAW, J., dissents with an opinion, in which ANSTEAD, J., concurs.
NO MOTION FOR REHEARING WILL BE ALLOWED.
SHAW, J., dissenting.
In my opinion, Thomas Provenzano is incompetent to be executed. The trial court found by clear and convincing evidence that he suffers from a delusional belief that he is Jesus Christ and that this is the real reason he is being executed. See Provenzano v. State, 760 So.2d 137 (Fla.2000) (Anstead, J., dissenting). His execution thus violates United States Supreme Court precedent. See Penry v. Lynaugh, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989); Ford v. Wainwright, *1100 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986).
Further, I believe that the observations and credentials of the individuals who will be performing the medical procedures associated with lethal injection on Provenzano should be subject to disclosure. Witnesses to the execution of Bennie Demps should have been subject to in camera examination and, as noted in the majority opinion, the record could have been sealed to protect the identity of the witnesses. In fact, the State was prepared to agree to this examination.
ANSTEAD, J., concurs.
NOTES
[1] See Provenzano v. State, 751 So.2d 37 (Fla. 1999); Provenzano v. State, 750 So.2d 597 (Fla.1999); Provenzano v. Moore, 744 So.2d 413 (Fla.1999); Provenzano v. State, 739 So.2d 1150 (Fla.1999).
[2] The following claims are procedurally barred: (1) newly discovered evidence establishes that Provenzano is innocent of the death penalty; (2) newly discovered evidence establishes that Provenzano is not guilty, and had the jury known of this evidence it probably would have found that the State had not carried its burden to prove Provenzano's sanity beyond a reasonable doubt; and (3) Provenzano was deprived of due process at his capital trial when his jury was not instructed that when he raised insanity as an issue in the case that the State bore the burden of proof and was required to prove Provenzano's sanity at the time of the crime beyond a reasonable doubt just like every other element of the offense.
[3] These sections were recently amended by the Legislature to provide that the death sentence be executed by lethal injection. See chs. 00-1, 00-2, Laws of Fla. (signed into law by the Governor on Jan. 14, 2000). The amended statutes provide that the identity of "any person prescribing, preparing, compounding, dispensing or administering the lethal injection is confidential and exempt" from the public records requirements. Ch. 00-1, § 1, Laws of Fla.
[4] We do not foreclose that the trial court could hear, in camera, evidence from witnesses who were present during the procedures preparing for the lethal injection and could hear the qualifications of those persons who performed the procedures related thereto. Any record evidence should be sealed pending a determination of this issue by this Court.