[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15258

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 09, 2007
THOMAS K. KAHN
CLERK

IN RE:

    MARK DEAN SCHWAB,

                                        Petitioner,

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

Before: DUBINA, CARNES and HULL, Circuit Judges.

BY THE COURT:

     We have previously affirmed the denial of federal habeas relief to Mark

Dean Schwab, a Florida death row inmate. Schwab v. Crosby, 451 F.3d 1308

(11th Cir. 2006). Before us now are his application to file a second or successive

federal habeas corpus petition pursuant to 28 U.S.C. § 2244(b), and a motion for

stay of execution in order to permit us time to consider that application. The only

claim Schwab wants to raise in a second petition involves the constitutionality of Florida's lethal injection procedures and protocols.

Even if such a claim were properly cognizable in an initial federal habeas petition, instead of in a 42 U.S.C. § 1983 proceeding, see generally Hill v. McDonough, 126 S.Ct. 2096, 2099 (2006); Nelson v. Campbell, 541 U.S. 637, 124 S.Ct. 2117 (2004), Rutherford v. McDonough, 466 F.3d 970, 973 (11th Cir. 2006) (observing that pre-Nelson circuit law requiring challenges to lethal injection procedures to be brought in a § 2254 proceeding is "no longer valid in light of the Supreme Court's Hill decision."), this claim cannot serve as a proper basis for a second or successive habeas petition. It cannot because it neither relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, 28 U.S.C. § 2244(b)(2)(A), nor involves facts relating to guilt or innocence, see 28 U.S.C. § 2244(b)(2)(B)(ii).

Our disposition of the application renders the motion for stay of execution moot.

APPLICATION  DENIED; MOTION FOR STAY DENIED AS MOOT.