ANSTEAD, Senior Justice,
specially concurring.
I agree with the majority that our precedent mandates an affirmance on all issues. However, I also agree with appellant that recent decisions from the Eleventh Circuit demonstrate an error inherent in this Court’s repeated statements that death-sentenced inmates cannot be prejudiced by the lack of state-funded representation in section 1983 proceedings challenging Florida’s execution protocol, because they may, in lieu of filing a section 1983 action, have appointed counsel file a successive federal habeas petition to challenge the protocol.
Under prevailing Eleventh Circuit law, filing a successive federal habeas petition is no longer an option for any defendant who has previously filed an initial federal habeas petition before Florida’s current execution protocol was adopted. The Eleventh Circuit, in its decision in In re Schwab, 506 F.3d 1369 (11th Cir.2007), and other decisions, has consistently indicated it will simply deny such a habeas petition *203 as successive without addressing the merits. In fact, if an inmate has previously filed any federal habeas petition before Florida adopted its August 2007 protocol for execution, he -will be barred from filing a successive federal habeas petition challenging Florida’s current lethal injection protocol “because [such a claim] neither relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, nor involves facts relating to guilt or innocence.” In re Schwab, 506 F.3d at 1370 (citations omitted). Therefore, contrary to the rationale of our prior decisions, federal habeas review is no longer an available alternative to a section 1983 claim challenging Florida’s current lethal-injection protocol.
On the other hand, the United States Supreme Court has ruled that defendants may utilize a section 1983 action to avoid the procedural bar applied in In re Schwab, and utilize such an action to challenge a state’s current execution protocol. Consequently, for the majority of Florida’s death-sentenced inmates to have any meaningful opportunity for federal review of the current lethal-injection protocol, they must file a section 1983 action. We should acknowledge this current law, and recede from that portion of our holdings in State ex rel. Butterworth v. Kenny, 714 So.2d 404 (Fla.1998), and subsequent decisions that rely on the existence of state-funded habeas proceedings as a basis for justifying the denial of state-funded counsel in section 1983 proceedings. See, e.g., Diaz v. State, 945 So.2d 1136, 1154 (Fla.2006) (“Diaz did have an alternative avenue for challenging the lethal injection procedure in federal court [a federal habe-as petition], but did not utilize it.”).
PARIENTE and LEWIS, JJ., concur.