5 So.3d 659 (2009)
Allen Ward COX, Appellant
v.
STATE of Florida, Appellee.
No. SC08-887.
Supreme Court of Florida.
March 12, 2009.
Allen Ward Cox, a prisoner under sentence of death, appeals the circuit court's denial of his successive motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. After this Court affirmed Cox's capital conviction and sentence on direct appeal, see Cox v. State, 819 So.2d 705 (Fla.2002), cert. denied, 537 U.S. 1120, 123 S.Ct. 889, 154 L.Ed.2d 799 (2003), he unsuccessfully sought postconviction relief in state court. See Cox v. State, 966 So.2d 337, 366 (Fla. 2007) (affirming the circuit court's denial of Cox's initial postconviction motion and denying his accompanying habeas petition). Further, Cox alleges, and the State does not dispute, that he has an initial federal habeas petition pending in the United States District Court for the Middle District of Florida.
Cox's current appeal amounts to a broad-based attack on the constitutionality of Florida's current lethal-injection protocol. Specifically, Cox: (1) assails the constitutionality of lethal injection as currently administered in Florida; (2) asserts that sections 27.7001 and 27.702, Florida Statutes (2008), as interpreted by this Court, are unconstitutional facially and as applied because these statutes prohibit CCRC from filing mode-of-execution challenges under 42 U.S.C. § 1983 (2000); and (3) claims that section 945.10, Florida Statutes (2008), as interpreted by this Court, is unconstitutional because it prohibits him from discovering the identities of his executioners, which he contends precludes him from determining the adequacy of their qualifications and training. We have consistently rejected each of these claims. See, e.g., Ventura v. State, 2 So.3d 194 (Fla.2009); Tompkins v. State, 994 So.2d 1072 (Fla.2008), cert. denied, ___ U.S. ___, 129 S.Ct. 1305, ___ L.Ed.2d ___ (2009); Henyard v. State, 992 So.2d 120 (Fla.2008), cert. denied, ___ U.S. ___, 129 S.Ct. 28, 171 L.Ed.2d 930 (2008); Lightbourne v. McCollum, 969 So.2d 326 (Fla. 2007), cert. denied, ___ U.S. ___, 128 S.Ct. 2485, 171 L.Ed.2d 777 (2008); Provenzano v. State, 761 So.2d 1097, 1099 (Fla.2000); Bryan v. State, 753 So.2d 1244, 1250 (Fla.2000); State ex rel. Butterworth v. Kenny, 714 So.2d 404, 410 (Fla.1998). Therefore, we affirm the order of the circuit court summarily denying Cox's successive postconviction motion.
It is so ordered.
QUINCE, C.J., and CANADY, POLSTON, and LABARGA, JJ., concur.
CANADY, J., concurs with an opinion.
LEWIS, J., dissents with an opinion, in which PARIENTE, J., concurs.
CANADY, J., concurring.
Since 1998when the Legislature adopted the statutory provisions relating to registry counselsection 27.711(1)(c), Florida Statutes, has contained a definition of "[p]ostconviction capital collateral proceedings" which makes specific reference to "any authorized federal habeas corpus litigation with respect to [a] sentence [of death]." (Emphasis added.) The definition makes reference to no other federal collateral proceedings. This statutory definition became effective after State ex rel. Butterworth v. Kenny, 714 So.2d 404 (Fla. *660 1998), was decided and thus was not considered by the Court in that case. Under the definition of postconviction capital collateral proceedings adopted by the Legislature, a section 1983 lawsuit is simply not included among those proceedings for which collateral representation may be made available pursuant to chapter 27, Florida Statutes.
Although section 27.711(1)(c) is contained in the portion of part IV of chapter 27 that deals specifically with registry counsel, it nonetheless is relevant to the scope of the representation to be afforded not only by registry counsel but also by capital collateral regional counsel and other counsel appointed pursuant to part IV of chapter 27. This is evident from the fact that the express legislative objective for providing registry counsel is the same as it is for providing other collateral counsel. Section 27.7001 specifically includes the statutory provisions relating to registry counsel within its statement of legislative intent. The broad statement of legislative intent encompassing registry and other collateral counsel is then directly linked with the specific statement of intent identifying the limitations on collateral representation contained in the last sentence of the section.
The relevance beyond the context of registry counsel of the definition in section 27.711(1)(c) is also evident from the specific provision the Legislature made in section 27.701(2) for "the responsibilities of the regional office of capital collateral counsel for the northern region" to "be met through a pilot program using only attorneys from the registry of attorneys maintained pursuant to s. 27.710." If the scope of representation available from registry counsel were narrower than the scope of representation available from capital collateral regional counsel, it would be impossible for registry counsel to meet "the responsibilities of the regional office of capital collateral counsel" as contemplated by section 27.701(2).
In short, the statutory context points compellingly to the conclusion that the definition of "[p]ostconviction capital collateral proceedings" contained in section 27.711(1)(c) reflects a legislative understanding of the meaning of the limitations earlier set forth in section 27.7001precluding "civil litigation"rather than a legislative decision to impose a new special limitation that is only applicable to registry counsel. The definition in section 27.711(1)(c) thus is a positive statement of what the Legislature had previously stated negatively in the last sentence of section 27.7001.
The reasoning of Butterworth concerning the constitutionality of limitations on state-compensated capital postconviction representation fully justifies the rejection of Cox's claim that section 27.7001 is unconstitutional.
LEWIS, J., dissenting.
I agree with my colleagues that Cox's constitutional challenges to Florida's current lethal-injection protocol and section 945.10, Florida Statutes (2008), are meritless. See, e.g., Ventura v. State, 2 So.3d 194, 200 (Fla.2009) ("Florida's current lethal-injection protocol passes muster under any of the risk-based standards considered by the Baze Court (and would also easily satisfy the intent-based standard advocated by Justices Thomas and Scalia).... [N]othing contained within the various opinions of Baze v. Rees, ___ U.S. ___, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), affects the validity of our decisions upholding Florida's current lethal-injection protocol."); Provenzano v. State, 761 So.2d 1097, 1099 & nn. 3-4 (Fla.2000) (explaining that section 945.10, Florida Statutes, does not prevent members of the execution team from providing relevant in-camera *661 testimony so long as "information . . . identif[ying]" these individuals is not publicly released). However, I must part ways with my brethren with regard to their interpretation of sections 27.7001 and 27.702, Florida Statutes (2008).
In relevant part, section 27.702(1), Florida Statutes (2008), provides that CCRC and registry counsel "shall file only those postconviction or collateral actions authorized by statute." In turn, section 27.7001, Florida Statutes (2008), provides that such "collateral representation shall not include representation during retrials, resentencings, proceedings commenced under chapter 940 [i.e., executive-clemency proceedings], or civil litigation." (Emphasis supplied.) Through this statute, the Legislature undoubtedly intended to prevent CCRC and registry counsel from pursuing claims for civil damages against state employees, officers, and agents. Certainly, as a general matter, actions filed pursuant to 42 U.S.C. § 1983 may be used for just that purpose,[1] but that is not the sole, or even predominant, application of section 1983 actions in this context. Instead, capital defendants such as Cox wish to use section 1983 actions as a means of challenging Florida's current lethal-injection protocol in federal court (and have in no way sought civil damages). See generally Hill v. McDonough, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). This is precisely the same relief that these inmates now seek through successive federal habeas petitions (for which CCRC and registry counsel are provided). However, these successive habeas petitions are a fruitless endeavor for both the inmates and the State because the federal courts are statutorily bound to reject such claims based upon the plain text of 28 U.S.C. § 2244(b)(2)(A), (b)(2)(B)(i)-(ii) (2000). See, e.g., In re Schwab, 506 F.3d 1369, 1370 (11th Cir. 2007) ("[An Eighth Amendment] claim [challenging Florida's current lethal-injection protocol] cannot serve as a proper basis for a second or successive habeas petition. It cannot because it neither relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, 28 U.S.C. § 2244(b)(2)(A), nor involves facts relating to guilt or innocence, see 28 U.S.C. § 2244(b)(2)(B)(ii)."). This limitation does not apply to section 1983 actions.
Under these circumstances, the rule and rationale expressed in State ex rel. Butterworth v. Kenny, 714 So.2d 404 (Fla.1998), are founded upon an untenable legal fiction. In that decision, we held that sections 27.7001 and 27.702, Florida Statutes (1997), prohibit CCRC from representing capital inmates during section 1983 actions, but not habeas proceedings. We recognized that habeas petitions have historically been viewed as civil in nature, but then differentiated claims brought through this writ-based mechanism as truly "quasi-criminal," in supposed contrast to all section 1983 claims. 714 So.2d at 409-10. This distinction becomes an analytical non sequitur when the same claims are asserted through habeas petitions and section 1983 actions. If such is the case, as it is in the lethal-injection context, then these section 1983 actions are just as "quasi-criminal" as the alternative habeas petitions. Viewed functionally, these mode-of-execution claimsregardless of procedural mechanismseek the same relief: a finding that Florida's current lethal-injection protocol poses a substantial risk of severe pain that may be remedied through a proffered *662 alternative procedure that is feasible and readily implemented. Therefore, in this context, the rule and rationale that we expressed in Kenny lack explanatory and precedential power. I would thus limit Kenny's impact to claims seeking civil relief that is wholly unrelated to an inmate's conviction, sentence, or means of carrying out that sentence. Mode-of-execution challengeswhether asserted through a habeas petition or a section 1983 actionhave become typical postconviction relief proceedings for which CCRC counsel should be provided. The plain text of the relevant statutes does not preclude this result.[2]
I respectfully dissent.
PARIENTE, J., concurs.
NOTES
[1] This statute creates a cause of action at law, in equity, "or other proper proceeding for redress" against any person who, acting under color of state or territorial law, abridges the rights, privileges, or immunities provided by the United States Constitution or federal law. 42 U.S.C. § 1983.
[2] With regard to my colleague's reliance upon the definition of "Postconviction capital collateral proceedings" provided in section 27.711(1)(c), Florida Statutes (2008), I make two observations: (1) the Legislature explicitly restricted the application of that statute to registry counsel (i.e., by its own terms, the statute does not apply to CCRC), see § 27.711(1) ("As used in s. 27.710 and this section, the term . . . means. . . ." (each enumerated section deals exclusively with registry counsel) (emphasis supplied)); and (2) only a portion of section 27.711(1)(c) may be characterized as exhaustive, and a fair reading of this clause does not prohibit section 1983 actions filed in state or federal court. Cf. Maine v. Thiboutot, 448 U.S. 1, 3 n. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980) (holding that federal courts do not have exclusive jurisdiction over section 1983 actions, which may also be pursued in state court) (citing Martinez v. California, 444 U.S. 277, 283-84, n. 7, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980)).