Allen Ward Cox, a prisoner under sentence of death, appeals the circuit court’s denial of his successive motion for postcon-viction relief filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. After this Court affirmed Cox’s capital conviction and sentence on direct appeal, see Cox v. State, 819 So.2d 705 (Fla.2002), cert. denied, 537 U.S. 1120, 123 S.Ct. 889, 154 L.Ed.2d 799 (2003), he unsuccessfully-sought postconviction relief in state court. See Cox v. State, 966 So.2d 337, 366 (Fla. 2007) (affirming the circuit court’s denial of Cox’s initial postconviction motion and denying his accompanying habeas petition). Further, Cox alleges, and the State does not dispute, that he has an initial federal habeas petition pending in the United States District Court for the Middle District of Florida.
Cox’s current appeal amounts to a broad-based attack on the constitutionality of Florida’s current lethal-injection protocol. Specifically, Cox: (1) assails the constitutionality of lethal injection as currently administered in Florida; (2) asserts that sections 27.7001 and 27.702, Florida Statutes (2008), as interpreted by this Court, are unconstitutional facially and as applied because these statutes prohibit CCRC from filing mode-of-execution challenges under 42 U.S.C. § 1983 (2000); and (3) claims that section 945.10, Florida Statutes (2008), as interpreted by this Court, is unconstitutional because it prohibits him from discovering the identities of his executioners, which he contends precludes him from determining the adequacy of their qualifications and training. We have consistently rejected each of these claims. See, e.g., Ventura v. State, 2 So.3d 194 (Fla.2009); Tompkins v. State, 994 So.2d 1072 (Fla.2008), cert. denied, — U.S. -, 129 S.Ct. 1305, — L.Ed.2d - (2009); Henyard v. State, 992 So.2d 120 (Fla.2008), cert. denied, — U.S.-, 129 S.Ct. 28, 171 L.Ed.2d 930 (2008); Lightbourne v. McCollum, 969 So.2d 326 (Fla. 2007), cert. denied, — U.S. ——, 128 S.Ct. 2485, 171 L.Ed.2d 777 (2008); Provenzano v. State, 761 So.2d 1097, 1099 (Fla.2000); Bryan v. State, 753 So.2d 1244, 1250 (Fla.2000); State ex rel. Butterworth v. Kenny, 714 So.2d 404, 410 (Fla.1998). Therefore, we affirm the order of the circuit court summarily denying Cox’s successive postconviction motion.
It is so ordered.
QUINCE, C.J., and CANADY, POLSTON, and LABARGA, JJ., concur.
CANADY, J., concurs with an opinion.
LEWIS, J., dissents with an opinion, in which PARIENTE, J., concurs.