LEWIS, J.,
dissenting.
I agree with my colleagues that Cox’s constitutional challenges to Florida’s current lethal-injection protocol and section 945.10, Florida Statutes (2008), are merit-less. See, e.g., Ventura v. State, 2 So.3d 194, 200 (Fla.2009) (“Florida’s current lethal-injection protocol passes muster under any of the risk-based standards considered by the Baze Court (and would also easily satisfy the intent-based standard advocated by Justices Thomas and Scalia).... [N]othing contained within the various opinions of Baze v. Rees, — U.S. -, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), affects the validity of our decisions upholding Florida’s current lethal-injection protocol.”); Provenzano v. State, 761 So.2d 1097, 1099 & nn. 3-4 (Fla.2000) (explaining that section 945.10, Florida Statutes, does not prevent members of the execution team from providing relevant in-camera *661 testimony so long as “information ... identifying]” these individuals is not publicly released). However, I must part ways with my brethren with regard to their interpretation of sections 27.7001 and 27.702, Florida Statutes (2008).
In relevant part, section 27.702(1), Florida Statutes (2008), provides that CCRC and registry counsel “shall file only those postconviction or collateral actions authorized by statute.” In turn, section 27.7001, Florida Statutes (2008), provides that such “collateral representation shall not include representation during retrials, re-sentencings, proceedings commenced under chapter 940 [i.e., executive-clemency proceedings], or civil litigation.” (Emphasis supplied.) Through this statute, the Legislature undoubtedly intended to prevent CCRC and registry counsel from pursuing claims for civil damages against state employees, officers, and agents. Certainly, as a general matter, actions filed pursuant to 42 U.S.C. § 1988 may be used for just that purpose,[1] but that is not the sole, or even predominant, application of section 1983 actions in this context. Instead, capital defendants such as Cox wish to use section 1983 actions as a means of challenging Florida’s current lethal-injection protocol in federal court (and have in no way sought civil damages). See generally Hill v. McDonough, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). This is precisely the same relief that these inmates now seek through successive federal habeas petitions (for which CCRC and registry counsel are provided). However, these successive ha-beas petitions are a fruitless endeavor for both the inmates and the State because the federal courts are statutorily hound to reject such claims based upon the plain text of 28 U.S.C. § 2244(b)(2)(A), (b)(2)(B)(i)-(ii) (2000). See, e.g., In re Schwab, 506 F.3d 1369, 1370 (11th Cir. 2007) (“[An Eighth Amendment] claim [challenging Florida’s current lethal-injection protocol] cannot serve as a proper basis for a second or successive habeas petition. It cannot because it neither relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, 28 U.S.C. § 2244(b)(2)(A), nor involves facts relating to guilt or innocence, see 28 U.S.C. § 2244(b)(2)(B)(ii).”). This limitation does not apply to section 1983 actions.
Under these circumstances, the rule and rationale expressed in State ex rel. Butterworth v. Kenny, 714 So.2d 404 (Fla.1998), are founded upon an untenable legal fiction. In that decision, we held that sections 27.7001 and 27.702, Florida Statutes (1997), prohibit CCRC from representing capital inmates during section 1983 actions, but not habeas proceedings. We recognized that habeas petitions have historically been viewed as civil in nature, but then differentiated claims brought through this writ-based mechanism as truly “quasi-criminal,” in supposed contrast to all section 1983 claims. 714 So.2d at 409-10. This distinction becomes an analytical non sequitur when the same claims are asserted through habeas petitions and section 1983 actions. If such is the case, as it is in the lethal-injection context, then these section 1983 actions are just as “quasi-criminal” as the alternative habeas petitions. Viewed functionally, these mode-of-execution claims — regardless of procedural mechanism — seek the same relief: a finding that Florida’s current lethal-injection protocol poses a substantial risk of severe pain that may be remedied through a prof *662 fered alternative procedure that is feasible and readily implemented. Therefore, in this context, the rule and rationale that we expressed in Kenny lack explanatory and precedential power. I would thus limit Kenny’s impact to claims seeking civil relief that is wholly unrelated to an inmate’s conviction, sentence, or means of carrying out that sentence. Mode-of-execution challenges — whether asserted through a habe-as petition or a section 1983 action — have become typical postconviction relief proceedings for which CCRC counsel should be provided. The plain text of the relevant statutes does not preclude this result.[2]
I respectfully dissent.
PARIENTE, J., concurs.

. This statute creates a cause of action at law, in equity, “or other proper proceeding for redress” against any person who, acting under color of state or territorial law, abridges the rights, privileges, or immunities provided by the United States Constitution or federal law. 42 U.S.C. § 1983.

. With regard to my colleague’s reliance upon the definition of "Postconviction capital collateral proceedings” provided in section 27.71 l(l)(c), Florida Statutes (2008), I make two observations: (1) the Legislature explicitly restricted the application of that statute to registry counsel (i.e., by its own terms, the statute does not apply to CCRC), see § 27.711(1) ("As used in s. 27.710 and this section, the term ... means ...." (each enumerated section deals exclusively with registry counsel) (emphasis supplied)); and (2) only a portion of section 27.71 l(l)(c) may be characterized as exhaustive, and a fair reading of this clause does not prohibit section 1983 actions filed in state or federal court. Cf. Maine v. Thiboutot, 448 U.S. 1, 3 n. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980) (holding that federal courts do not have exclusive jurisdiction over section 1983 actions, which may also be pursued in state court) (citing Martinez v. California, 444 U.S. 277, 283-84, n. 7, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980)).